O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THOMAS WILSON BAXTER, | ) | NO. CV 11-10011-PA (MAN) |
| Petitioner, | ) | |
| v. | ) | ORDER: DISMISSING PETITION |
| JAMES D. HARTLEY, | ) | WITHOUT PREJUDICE; AND DENYING |
| Respondent. | ) | CERTIFICATE OF APPEALABILITY |

On December 2, 2011, Petitioner, a California prisoner, filed a habeas petition in this Court pursuant to 28 U.S.C. § 2254 ("Petition"). The Petition challenges a February 2010 state court conviction and sentence sustained by Petitioner, which stemmed from probation violations (the "State Conviction").

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Here, it plainly appears that the

Petition is unexhausted.[1]  Therefore, the Petition must be dismissed without prejudice.

**BACKGROUND**

The instant Petition is Petitioner's second Section 2254 habeas petition filed in this Court challenging the State Conviction.  On June 24, 2011, Petitioner filed a Section 2254 petition in Case No. CV 11-5283-PA (MAN) (the "Prior Petition").  Respondent moved to dismiss the Prior Petition on the ground that the claims alleged were unexhausted, because they had not been fairly presented as federal claims in the California Supreme Court.  On October 11, 2011, United States Magistrate Judge Margaret A. Nagle issued a Report and Recommendation, in which she recommended that the motion to dismiss be granted on the ground that the Prior Petition was fully unexhausted (the "Report").  The Magistrate Judge examined the state record presented by both parties -- including the petition for review that Petitioner filed on January 12, 2011, in his direct appeal in the California Supreme Court (Case No. S189724)("Petition for Review"), and a document entitled "Appellant's Opening Brief" submitted by Petitioner in Case No. S189724, which the California Supreme Court received on February 14, 2011, but did not file[2] ("AOB") -- and concluded that the Petition for Review and the AOB failed

---

[1] The Court may raise exhaustion problems *sua sponte*.  <u>Boyd v. Thompson</u>, 147 F.3d 1124, 1127-28 (9th Cir. 1998); <u>Stone v. City and County of San Francisco</u>, 968 F.2d 850, 856 (9th Cir. 1992).

[2] Pursuant to Rule 201 of the Federal Rules of Civil Procedure, the Magistrate Judge also took judicial notice of the dockets for the California Court of Appeal and the California Supreme Court, which are available electronically at http://appellatecases.courtinfo.ca.gov. (Report at 2 & n.1.)

to fairly present *any* federal claim, and thus, none of the claims alleged in the Prior Petition had been fairly presented to the California Supreme Court as federal claims. (Report at 4-14.) Petitioner did not file Objections to the Report. On November 18, 2011, the Court accepted the Report and dismissed the Prior Petition action without prejudice for lack of exhaustion. Judgment was entered on November 22, 2011. Petitioner has not timely appealed.

On or about October 25, 2011, Petitioner submitted a "Second Petition for Review" to the California Supreme Court in his closed direct appeal in Case No. S189724, which the state high court received on October 28, 2011. (*See* copy of Second Petition for Review appended to the Petition.) On November 4, 2011, the California Supreme Court responded to the proposed filing by advising Petitioner that "[n]o action" could be taken on the Second Petition for Review, because by the "final" order of the state high court filed on February 16, 2011, the prior Petition for Review had been denied and, thus, could "not be reconsidered or reinstated." (*See* November 4, 2011 letter appended to the Petition.)

Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has reviewed, and takes judicial notice of, the electronic dockets for the California Supreme Court. Those judicially-noticed records show that Petitioner has not filed any habeas action in the state high court, and the *only* proceeding in that court with respect to the State Conviction has been Petitioner's above-noted direct appeal in Case No. S189724, which concluded on February 16, 2011.

**DISCUSSION**

Federal courts may not grant habeas relief to a person held in state custody unless the petitioner has exhausted his available state court remedies as to each of the issues presented. 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198, 1203 (1982); Fields v. Waddington, 401 F.3d 1018, 1020 (9th Cir. 2005)("We may review the merits of Petitioner's habeas petition only if he exhausted state court remedies."). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims *before* those claims are presented to the federal courts." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732 (1999)(emphasis added); *see also* Baldwin v. Reese, 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004)(to give the State the chance to pass upon and resolve violations of his federal rights, a state prisoner must exhaust his available state remedies before seeking federal habeas relief).

To satisfy the exhaustion requirement, a petitioner must "fairly present" his federal claim to the state courts, *i.e.*, give them a fair opportunity to consider and correct violations of the prisoner's federal rights. *See* Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 888 (1995); Peterson v. Lampert, 319 F.3d 1153, 1155-56 (9th Cir. 2003)(*en banc*); Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), *as modified by* 247 F.3d 904 (9th Cir. 2001). A state prisoner seeking relief with respect to a California conviction is required to "fairly present" his federal claims to the California Supreme Court. *See* Baldwin, 541 U.S. at 29, 124 S. Ct. at 1349 (a state prisoner must fairly present his

claim to a state supreme court having the power of discretionary review); Keating v. Hood, 133 F.3d 1240, 1242 (9th Cir. 1998).

Through its Order accepting the Report and dismissing the Prior Petition action, the Court already has determined that the Petition for Review and AOB filed by Petitioner in California Supreme Court Case No. S189724 did not exhaust any federal habeas claim.  That finding, to which Petitioner did not object and which has not been appealed, is final and governs here.  The Second Petition for Review also did not exhaust any federal habeas claim, because the California Supreme Court did not file or consider it.  As the state high court explained, because the denial of review in Petitioner's direct appeal was final on February 16, 2011, his attempt to seek further review on direct appeal could not be considered.

Absent special circumstances not present here, a claim is not fairly presented if it is raised "in a procedural context in which its merits will not be considered." Castille v. Peoples, 489 U.S. 346, 351, 109 S. Ct. 1056, 1060 (1989); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994); Harris v. Superior Court, 500 F.2d 1124, 1128 (9th Cir. 1974)(*en banc*).  "Raising the claim in such a fashion does not . . . constitute 'fair presentation.'" Castille, 489 U.S. at 351, 109 S. Ct. at 1060.  If it is clear that a claim is procedurally barred and may no longer be heard in the California courts, the exhaustion requirement may be satisfied; however, if a possibility remains that the California Supreme Court will consider a claim, then it is unexhausted and must be dismissed.  *See id.; see also* Johnson v. Lewis, 929 F.2d 460, 463-64 (9th Cir. 1991).  When the California Supreme Court denies a claim on a

procedural ground, and that ground does not preclude the state court's future consideration of the claim, the claim is unexhausted. *See* McQuown v. McCartney, 795 F.2d 807, 810 (9th Cir. 1986)(the California Supreme Court's denial of a habeas petition on procedural grounds means that the exhaustion requirement is not necessarily met if the petitioner "may still be able to use available procedures to give the state court a first opportunity to rule on the merits of the federal claims").

The California Supreme Court declined to file the Second Petition for Review on the ground that Petitioner's direct appeal was closed; it neither considered the claims alleged in the Second Petition for Review nor rejected them based on any state law procedural bar.  It appears that, therefore, Petitioner may be able to raise his claims in the state high court through a habeas petition -- an effort he has not yet made. Thus, Petitioner's state judicial remedies are not exhausted, and the instant Petition is fully unexhausted.

Given Petitioner's failure to present his claims to the California Supreme Court in a manner in which they may be considered, the state high court has not been afforded a chance to rule on Petitioner's claims, and Petitioner has failed to exhaust his available state court remedies.    Accordingly, the Petition must be dismissed without prejudice.[3] Rose, 455 U.S. at 522, 102 S. Ct. at 1205.  If Petitioner does properly exhaust his claims by fairly presenting them to the California Supreme Court, he may file, following that court's ruling, a

---

[3]   As the Petition is fully unexhausted, it cannot be stayed while Petitioner pursues exhaustion.  Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).

*new* habeas petition in this Court.[4]

For the foregoing reasons, IT IS ORDERED that: the Petition is dismissed without prejudice; and Judgment shall be entered dismissing this action, without prejudice, for failure to exhaust available state remedies.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. *See* 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000). The Court concludes that a certificate of appealability is unwarranted and, thus, a certificate of appealability is DENIED.

DATED: 1/12/12.

                                        PERCY ANDERSON
                            UNITED STATES DISTRICT JUDGE

PRESENTED BY:

    MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

---

[4] The Court again advises Petitioner that: the filing and pendency of this action does not toll the one-year limitations period for federal habeas actions, which continues to run; and any subsequent federal habeas petition he may file will be a new and separate habeas petition, which will <u>not</u> relate back to the filing date of the current Petition.